IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIRRETHA THURMOND, : | |
|    Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-4986 |
| : | |
| SELECT PORTFOLIO : | |
| SERVICING, *et al.*, : | |
|    Defendants. : | |

## MEMORANDUM

**BEETLESTONE, J.**                                                           OCTOBER 29th, 2024

Plaintiff Shirretha Thurmond, proceeding *pro se*, has filed an action against numerous financial institutions. Thurmond has also filed a Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, Thurmond will be permitted to proceed *in forma pauperis* and the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  FACTUAL ALLEGATIONS[1]

Thurmond's claims are based on a dispute over the property at 6404 N. Park Avenue in Philadelphia. Thurmond states that she "was deeded" that property in 2006 and acquired a mortgage and subsequent refinancing the same year. (Compl. at 6). She asserts that she "had no other lenders and was not notified of any changes to her deed" after 2006. (*Id.*) She alleges that her original lender "dissolve[d]" in 2007 and that a "fake deed assignment" culminated in a foreclosure action against her in 2018. (*Id.* at 5-6 (citing *Deutsche Bank v. Thurmond*, No. 180202085 (C.P. Phila).) She asserts that the foreclosure action is "fraud on the court." (*Id.* at

---

[1] The following factual allegations are taken from the Complaint (ECF No. 2) and publicly available records of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. The Court has also taken into consideration the numerous Exhibits that Thurmond filed. (*See* ECF No. 2 at 8-85; *see also* ECF Nos. 5, 7, 8.)

1

6.)  Judgment was entered against Thurmond in the foreclosure action on August 21, 2019.  *See Thurmond*, No. 180202085.  It appears that Thurmond has moved multiple times to open that judgment, and that one such motion remains pending.  *See generally id.*  The foreclosure action appears to be the subject of an automatic stay because of Thurmond's ongoing bankruptcy proceedings.[2]  *See* Order, *id.* (C.P. Phila Oct. 2, 2024); *see also In re: Thurmond*, No. 24-13166 (Bankr. E.D. Pa.).

Thurmond seeks relief against the Defendants based on the False Claims Act, the Fair Debt Collection Practices Act, the Racketeer Influenced and Corrupt Organizations Act, and the Injunction Against Fraud Act.  (Compl. at 4.)  She asks this Court to enjoin the state-court foreclosure proceedings, "delete" the records of purportedly fraudulent deeds and mortgages, grant her the title to the subject property, and award her money damages of $1 billion.  (*Id.* at 5)

## II.  STANDARD OF REVIEW

Because Thurmond appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*

---

[2] The status of the property auction scheduled for November 5, 2024, is unclear from the docket and the auction website of the Philadelphia Sherriff's Department.  *See* Order, *Thurmond*, No. 180202085 (C.P. Phila Sept. 10, 2024); *see also Sherriff's Sale: 6404 N. Park Ave*, https://www.bid4assets.com/auction/index/1160073 (last visited October 29, 2024).

The Court must also review the Complaint and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As Thurmond is proceeding *pro se*, the Court construes her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citation omitted).

### III. DISCUSSION

#### A. The *Rooker-Feldman* Doctrine

To the extent that Thurmond seeks relief from this Court based on the Defendants' actions in the state-court foreclosure proceeding, her claims are barred by the *Rooker-Feldman* doctrine. That doctrine "bars federal district courts from hearing cases 'that are essentially appeals from state-court judgments.'" *Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (quoting *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). The United States Court of Appeals for the Third Circuit "has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Id.* (citing, *inter alia*, *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013)). The *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining*, 615 F.3d at 166 (citation omitted); *see also Otto v. Judiciary Courts of N.J.*, No. 17-3424, 2018 WL 452161, at *4 (D.N.J. Jan. 16, 2018) (stating that *Rooker-*

3

*Feldman* prohibits federal courts from addressing any claims "that were previously adjudicated in, or are inextricably intertwined with, [a] state foreclosure proceeding").

Based on the facts alleged in Thurmond's Complaint and the publicly available docket information, all four factors are met. First, final judgment was entered against her in the foreclosure proceeding in state court. *See* Order, *Deutsche Bank v. Thurmond*, No. 180202085 (C.P. Phila. Aug. 21, 2019). Second, her claims are based entirely upon injuries she has suffered as a result of that judgment, namely, the impending foreclosure sale of her home and alleged pain and suffering. Third, the final judgment was entered in that case in August 2019, well before Thurmond filed her Complaint in this Court. Finally, Thurmond's Complaint asks this Court to review and reject the outcome of the state court proceeding. Accordingly, the *Rooker-Feldman* doctrine bars Thurmond's attempt to overturn the foreclosure judgment, and the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction. *See Merritts v. Richards*, 62 F.4th 764, 778 (3d Cir. 2023).

### B.     The Anti-Injunction Act

Even if the jurisdictional bar of the *Rooker-Feldman* doctrine did not apply, because Thurmond primarily seeks an order from this Court directing the Defendants to "cease & desist" in their state court foreclosure action (Compl. at 5), her claim would be barred by the Anti-Injunction Act, 28 U.S.C. § 2283. Pursuant to that Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Thurmond's filings do not establish a plausible basis for concluding that any of those exceptions exist here. Indeed, several district courts in this Circuit have held that the Anti-Injunction Act precludes a federal court from enjoining state-court eviction or foreclosure proceedings. *See, e.g.*, *Coppedge v. Conway*, No. 14-1477, 2015 WL 168839, at *2 (D. Del. Jan.

4

12, 2015) ("The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute." (quoting *Clark v. United States Bank Nat'l Ass'n*, No. 03-5452, 2004 WL 1380166, at *3 (E.D. Pa. June 18, 2004))); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No. 14-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti-Injunction Act prohibits this Court from taking such action."); *E. Liggon-Redding v. Generations*, No. 14-3191, 2014 WL 2805097, at *2 (D.N.J. June 20, 2014) (holding that under the Anti-Injunction Act, federal courts generally "lack the authority to stay any state court proceedings, including Eviction Actions"); *Mason v. Bank of Am., N.A.*, No. 13-3966, 2013 WL 5574439, at *7 (E.D. Pa. Oct. 10, 2013) ("Courts within the Eastern District of Pennsylvania have declined to enjoin state court proceedings involving foreclosures and sheriff's sales pursuant to the Anti-Injunction Act."). Thus, to the extent that Thurmond seeks to enjoin an ongoing state foreclosure proceeding or sheriff's sale, her claims are also barred by the Anti-Injunction Act.

## IV.    CONCLUSION

For the reasons stated, Thurmond's application for leave to proceed *in forma pauperis* will be granted and her Complaint will be dismissed without prejudice for want of subject matter jurisdiction pursuant to § 1915(e)(2)(B)(ii). The Court concludes that any attempt at amendment would be futile; accordingly, no leave to amend will be granted. An appropriate Order will be entered separately.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**
_____
**WENDY BEETLESTONE, J.**